UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ORVEL WINSTON LLOYD,

            Plaintiff,

v.

                                  Case No. 3:23-cv-1001-MMH-PDB

BILL LEEPER, et al.,

            Defendants.

_____

## ORDER

Plaintiff Orvel Winston Lloyd, a pretrial detainee at the Nassau County Jail, initiated this action by filing a pro se civil rights Complaint under 42 U.S.C. § 1983.[1] See Doc. 1. Lloyd also filed a Motion to Disqualify. See Doc. 5.

### A.     Motion to Disqualify

In the Motion to Disqualify (Doc. 5), Lloyd requests that the undersigned recuse herself from this case. It appears that the sole basis for Lloyd's request is his disagreement with the undersigned's rulings in a prior, unrelated case. Doc. 5. The undersigned has fully reviewed and considered the Motion and finds no reason to recuse herself here. See Byrne v. Nezhat, M.D., 261 F.3d

_____

[1] Lloyd is a three strikes litigant under 28 U.S.C. § 1915(g) and he did not pay the filing fee with the Complaint. Instead, Lloyd filed a notice advising he intends to pay the filing fee once the Court issues an appropriate order that includes a case number and the cost of the fee. See Doc. 2. Regardless of Lloyd's three-strikes status and his representations about his intent to pay the fee, the Court, in the interest of judicial economy, dismisses this case for failure to state a claim.

1075, 1102-03 (11th Cir. 2001), abrogated on other grounds by, Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990). Lloyd has identified no legitimate or factual basis for his unsupported claims of prejudice or fraud, and his displeasure with the Court's earlier and unrelated rulings provide no basis for recusal. See Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013) ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion.").[2] As such, the undersigned is obligated to continue to preside over this matter. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation."); Lawal v. Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'")[3]; United States v. Malmsberry, 222 F.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.").Thus, Lloyd's Motion (Doc. 5) is due to be denied.

### B.    Complaint

In his Complaint, Lloyd sues two Defendants – Sheriff Bill Leeper and Deputy Sheriff K.A. Kenyon. Doc. 1 at 2. Though not a picture of clarity, Lloyd asserts that on January 13, 2022, Defendant Kenyan falsely alleged Lloyd was selling illegal drugs to obtain an arrest warrant for Lloyd. Id. at 5. He contends officials then used those false allegations to illegally detain Lloyd and prosecute him for drug-related offenses. Id. at 6. Lloyd asserts that after his arrest, Defendant Leeper contacted the media and repeated those false statements about Lloyd's arrest and charges to support Leeper's reelection campaign. Id. at 7-8. According to Lloyd, Defendants' actions violated his rights under the Fourth Amendment, and as relief, he requests monetary damages. Id. at 6-9.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)

(citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[4] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

The Court must read Lloyd's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d

1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Lloyd's Complaint fails to state a plausible § 1983 claim. Lloyd challenges his arrest. Doc. 1 at 3. "Under Eleventh Circuit precedent, the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest." Giles v. Manser, 757 F. App'x 891, 895 (11th Cir. 2018). Thus, because Lloyd was arrested pursuant to a warrant, his Fourth Amendment claim is one of malicious prosecution.

To establish a § 1983 malicious prosecution claim, Lloyd must prove the elements of the common law tort of malicious prosecution and a violation of his Fourth Amendment right to be free from unreasonable seizures. Grider v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010). The elements of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the

plaintiff accused." <u>Wood v. Kesler</u>, 323 F.3d 872, 882 (11th Cir. 2003); <u>see also</u> <u>Williams v. Aguirre</u>, 965 F.3d 1147, 1165 (11th Cir. 2020).

Here, Lloyd fails to allege that his state criminal prosecutions have terminated in his favor. Lloyd alleges Defendant Kenyan obtained the arrest warrant on January 13, 2022. Doc. 1 at 5. A review of the Nassau County Sheriff's Office website shows that officials took custody of Lloyd and booked him into the Nassau County Jail on January 16, 2022, for several drug-related offenses. <u>See</u> Nassau County Sheriff's Office In-Custody Inmate Inquiry, available at www.dssinmate.nassauso.com (last visited Oct. 2, 2023). A review of Lloyd's state court dockets shows the state is prosecuting Lloyd for those drug-related offenses in four criminal cases. <u>See</u> <u>State v. Lloyd</u>, Nos. 2022-CF-000043 (two counts of sell, manufacture, or deliver controlled substance); 2022-CF-000042 (four counts – (1) possession of controlled substance; (2) trafficking methamphetamine; (3) possession with intent to sell; and (4) possession of controlled substance paraphernalia); 2022-CF-000041 (one count of sell, manufacture, or deliver controlled substance); and 2022-CF-000040 (one count of sell, manufacture, or deliver controlled substance).[5] Lloyd's next status

---

[5] The Court takes judicial notice of Lloyd's state court dockets. <u>See</u> <u>McDowell Bey v. Vega</u>, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); <u>see also</u> <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

conference for all four of his pending state criminal cases is scheduled for October 5, 2023. Thus, Lloyd fails to allege that the proceedings terminated in his favor, and to that end, he fails to state a plausible claim for relief under the Fourth Amendment.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     Lloyd's Motion to Disqualify (Doc. 5) is **DENIED**.

2.     This case is **DISMISSED without prejudice.**

3.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7

Orvel Lloyd, #7509